RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JUN 14  A 9:42

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ali Saleh Kahlah Al-Marri, | ) | C. A. No. 2:05-2259-HFF-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **O R D E R** |
| Donald H. Rumsfeld, Secretary of Defense of the United States, Commander C. T. Hanft, U.S.N. Commander, Consolidated Naval Brig, | ) | |
| Defendants. | ) | |

This Bivens action brought by an enemy combatant housed in the Consolidated Naval Brig near Charleston, South Carolina, was filed on August 8, 2005. On October 27, 2005, the defendants filed a motion to dismiss, and the plaintiff was directed to respond by November 14, 2005. Subsequently the plaintiff was given an extension to file a response until November 28, 2005, and again until December 5, 2005. The defendants were directed to reply by December 15, 2005, and subsequently with permission of the court filed a response on December 30, 2005.

A hearing was scheduled on the motion to dismiss on March 27, 2006, but on motion of the plaintiff the hearing was re-scheduled to May 1, 2006. On April 27, 2006, the court was advised that the case was settled and that entry of an Order conditionally dismissing the case would be appropriate. Such order was issued.

On June 9, 2006, the plaintiff moved to restore the case to the calendar of the court, and on June 13, 2006, the motion was granted, and the case recommitted to the undersigned.

This action asks the court for equitable relief as follows:

> 1. Declare that Plaintiff's treatment and conditions of confinement at the Consolidated Naval Brig violate the First, Fourth, Fifth, and Eighth Amendments to the Constitution of the United States.
>
> 2. Declare that Plaintiff's treatment and conditions of confinement at the Consolidated Naval Brig violate the Third and Fourth Geneva Conventions, other international instruments, customary international humanitarian and human rights law, and Army Regulation 190-8.
>
> 3. Declare that Plaintiff's treatment and conditions of confinement at the Consolidated Naval Brig violate the Religious Freedom Restoration Act.
>
> 4. Declare the Plaintiff's treatment and conditions of confinement at the Consolidated Naval Brig constitute torture or cruel, inhuman and/or degrading treatment in violation of the law of nations under the Alien Tort Statute.
>
> 5. Preliminarily and permanently enjoin Defendants from refusing to provide Plaintiff with treatment and living conditions that meet the standards imposed by the First, Fifth, and Eighth Amendments to the Constitution of the United States, the Geneva Conventions and other international treaties, agreements, and provisions, and Army Regulation 190-8.
>
> 6. Preliminarily and permanently enjoin Defendants from continuing to subject Plaintiff to prolonged solitary confinement and social isolation.
>
> 7. Preliminarily and permanently enjoin Defendants from refusing to provide Plaintiff with adequate medical care.

>8. Preliminarily and permanently enjoin Defendants from refusing to provide Plaintiff with adequate psychological care.
>
>9. Preliminarily and permanently enjoin Defendants from prohibiting all contact between Plaintiff and his immediate family and close relatives.
>
>10. Preliminarily and permanently enjoin Defendants from restricting, interfering with, and denigrating Plaintiff's observance of Islam.
>
>11. Preliminarily and permanently enjoin Defendants from denying Plaintiff access to the library at the Brig.
>
>12. Preliminarily and permanently enjoin Defendants from denying Plaintiff access to all news and books and to all reading materials except the Quran.
>
>13. Preliminarily and permanently enjoin Defendants from denying Plaintiff access to his medical records.
>
>14. Preliminarily and permanently enjoin Defendants from denying Plaintiff access to his psychological and other mental health records.
>
>15. Preliminarily and permanently enjoin Defendants from refusing Plaintiff access to a medical examination by a doctor of Plaintiff's counsel's choice and with appropriate security clearance.
>
>16. Preliminarily and permanently enjoin Defendants from refusing Plaintiff access to a medical examination by a doctor of Plaintiff's counsel's choice and with appropriate security clearance. (sic).
>
>17. Preliminarily and permanently enjoin Defendants from subjecting Plaintiff to torture or to cruel, inhuman and/or degrading treatment.

Plaintiff's Complaint pgs. 27-29 (Docket # 1).

The court has been advised on various occasions that the conditions the plaintiff complains of in the complaint herein

have been changed or eliminated. The Fourth Circuit Court of Appeals has advised,

> "'[I]t is well established that the voluntary discontinuance of challenged activities by a defendant does not necessarily moot a lawsuit.' United States v. Jones, 136 F.3d 342, 348 (4th Cir.1998) (citing Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 71-72, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983) (per curiam)). That rule is subject to the caveat that an injunction is unnecessary when 'there is no reasonable expectation that the wrong will be repeated.' United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) (emphasis added) (quotation marks and footnote omitted); see also County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). But this exception is just that-an exception-and defendants 'face a heavy burden to establish mootness in such cases because otherwise they would simply be free to 'return to [their] old ways' after the threat of a lawsuit has passed." Iron Arrow, 464 U.S. at 72, 104 S.Ct. 373 (alteration in original) (quoting W.T. Grant, 345 U.S. at 632, 73 S.Ct. 894).

Lyons Partnership, L.P. v Morris Costumes, Inc., 243 F.3d 789, (4th Cir 2001).

It has been some time since the complaint herein was filed, and it appears to the court that changes may have occurred in the plaintiff's conditions of confinement which have an impact on this action seeking solely equitable relief.

Accordingly, the parties are directed to advise the court within **thirty (30) days** of the date hereof if the changes in the conditions of confinement of the petitioner have been such that the pleadings herein should be amended to reflect current conditions of confinement, or if the changes in the conditions of

confinement of the petitioner have been such that there is no reasonable expectation that the wrong will be repeated so as to make a particular claim moot.

**AND IT IS SO ORDERED.**

*[signature: Robert S Carr]*
ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

June 14, 2006