RECEIVED
USDC, CLERK, CHARLESTON, S

2008 OCT -2 P 4: 01

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Ali Saleh Kahlah Almarri,** | ) | C. A. No. 2:05-2259-HFF-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **O R D E R** |
| **Robert M. Gates**, Secretary of Defense of the United States, **Commander John Pucciarrelli,** U.S. Naval Brig, Charleston, South Carolina, | ) | |
| Defendants. | ) | |

The Plaintiff is an enemy combatant in military custody at the U.S. Naval Brig in Charleston, South Carolina. The defendants are the current Secretary of Defense of the United States and the Commander of the U. S. Naval Brig (the Government).

The plaintiff filed this complaint on August 8, 2005, challenging the conditions of his confinement at the brig. On March 20, 2008, plaintiff filed the instant motion seeking an Order directing the Government to Preserve Evidence and for an Inquiry into the Government's Destruction and Other Spoliation of Evidence [#41]. On April 30, 2008, defendants filed their response [#51]. Thereafter, on May 19, 2008, plaintiff filed his reply [#56].

## LEGAL ISSUES

Plaintiff seeks (1) preservation of all documents and relevant materials related to his detention and (2) an inquiry into destruction and spoliation of evidence by the government and the imposition of appropriate remedial measures. Plaintiff alleges that the Government has destroyed relevant evidence in this case, has no uniform policy for preserving recordings of detainee interrogations, Pl's Mot. at 4, and that a preservation order is necessary in order to prevent further destruction or other spoliation of evidence. Pl's Mot. at 5.

Defendants maintain that the imposition of a preservation order in this matter is neither necessary nor warranted because the Government the Department of Defense has already issued multiple, binding, internal preservation directives to require that information related to plaintiff is retained and preserved. Df's Mot. at 2. Defendants further maintain that consideration of remedial measures which plaintiff requests are unnecessary and premature in light of unsettled fundamental issues in this case. Df's Mot. at 13.

**LEGAL STANDARD**

I.   Preservation

Federal courts have the power to preserve evidence and issue orders in furtherance thereof; however, this inherent power must be exercised with restraint and discretion.  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  While a number of courts have required that any request for a preservation order meet the four requirements for issuance of an injunction,[1] the more persuasive view is that "a document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery."[2]

One seeking a preservation order must demonstrate that it is necessary and not unduly burdensome.  Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 137 (Fed. Cl. 2004).  To satisfy the necessity prong, the proponent must ordinarily show that absent a court order, there is a significant risk that relevant evidence will be lost or destroyed.  The proponent can satisfy this burden by demonstrating among other things that the opposing party has lost or destroyed evidence in the past or has inadequate

---

[1] See Madden v. Wyeth, 2003 WL 21443404 at 1 (N.D. Tex. 2003); Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., 1995 WL 783610 at *3-4 (D. Minn. 1995); Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39, 42-43 (E.D. La. 1966).

[2] Jay E. Grenig, *Preservation Orders*, EDISCOVERY § 7:9 (2007).

3

retention procedures in place. Id. at 138. More importantly, the proponent must show that the particular steps to be adopted will be effective, but not overbroad. "The court should neither lightly exercise its inherent power to protect evidence nor indulge in an exercise in futility." Id.; see also, Prudential Insurance Co. of America Sales Litigation, 169 FRD 598, 617-17 (D.N.J. 1997).

In the case at bar, the plaintiff has failed to demonstrate that the order sought would be any more effective than that which has already been done.

In December 2007, the defendants became aware of the inadvertent loss or destruction of certain recordings involving the plaintiff. The defendants through the Defense Intelligence Agency (hereinafter "DIA") immediately undertook a joint DIA Office of the General Counsel and Office of Inspector General inquiry to look into the matter. As a result of this inquiry, documentation related to plaintiff that because of privacy requirements was not to be retained has been preserved and it continues to be preserved. Pl's Mot. at 9. The defendants subsequently implemented multiple preservation directives, including the December 19, 2007 DIA memorandum requiring the preservation of information related to plaintiff and the April 10, 2008, Department of Defense (hereinafter "DOD") directive

4

requiring preservation and maintenance of all documents and recorded information of any kind related to plaintiff. Pl's Mot. at 9-11. These directives evidence the defendants' good faith efforts to develop adequate retention procedures. The second prong of the Pueblo of Laguna test urges the court not to indulge in an exercise in futility. To issue a preservation order when the defendants have already issued binding, internal preservation directives to both the DOD and the DIA would be of no real effect. The adequate retention procedures defendants have implemented safeguard against a repeat of anything that occurred in the past, and an order of this court would add nothing to safeguard the records.

Moreover, the failure to retain certain interrogation recordings and associated materials between December 2004 and March 2005 occurred months before the plaintiff filed his complaint challenging the conditions at the Brig in August 2005. As such that loss hardly constituted loss of evidence at the time. The plaintiff's separate *habeas corpus* action was pending at that time, but this court has held that claims concerning conditions of confinement that do not seek accelerated release from custody are outside the scope of *habeas corpus*. See Smith v. Gonzalez, No. 6:06-0130-HHF-WMC, 2007 WL 789931 at *6 (D.S.C. Mar. 14, 2007)(challenge to a condition incident to fact or

duration of confinement is not properly brought under *habeas corpus* statute). Pl's Mot. at 9-10.

Thus, the plaintiff has failed to show that absent a court order there is a significant risk that relevant evidence will be lost or destroyed. See Pueblo of Laguna, 60 Fed. Cl. at 138.

II. Spoliation

The Fourth Circuit considers the following factors when determining potential remedial measures or sanctions related to spoliation: (1) the degree of fault or culpability of the party that destroyed the evidence; (2) the degree of prejudice to the opposing party caused by the spoliation; and (3) the availability of sanctions that will avoid substantial unfairness to the opposing party and, if the offending party is seriously at fault, will serve to deter such conduct by others in the future. Trigon Ins. Co. v. United States, 204 F.R.D. 277, 288 (E.D. Va. 2001)(citing Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3rd Cir. 1995). Assessment of sanctions depends most significantly on the blameworthiness of the offending party and the prejudice suffered by the opposing party. Id.

The plaintiff maintains that this court should inquire into the defendants' destruction of materials pertaining to the plaintiff and should impose appropriate remedial measures. Pl's Mot. at 7 (citing Abdullah v. Bush, Mem. Order, at 5, No. 05-23

6

(RWR) (D.D.C. Feb. 14, 2008)). The defendants argue that consideration of remedial relief is both premature and unnecessary. Df's Mot. at 15.

The plaintiff has not met the aforementioned factors for determining potential remedial measures or sanctions related to spoliation. The defendants acknowledge that they failed to retain some information related to plaintiff. Df's Mot. at 7. However, the defendants maintain that the "decisions not to retain the recordings about which plaintiff complains were made by personnel in good faith months before this action was filed." Df's Mot. at 7. Moreover, the defendants argue that the DIA has preserved originals or copies of recordings of nine relevant interrogation sessions. Df's Mot. at 9. Therefore, while some recordings were destroyed, the plaintiff has failed to demonstrate more than a suspicion of prejudice. Moreover, a judicial inquiry into destruction of materials is unnecessary because the defendants have presented an undisputed explanation in their response of the nature and circumstances of the prior destruction or loss. Df's Mot. at 8-11.

The defendants' good faith, coupled with inspecific claims of prejudice to the plaintiff make an inquiry into spoliation remedies at least premature if not unnecessary. The plaintiff may of course renew his request at an appropriate time.

## CONCLUSION

Based on the aforementioned conclusions, plaintiff's motion is denied.

**IT IS SO ORDERED.**

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

October 2, 2008